## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

PATRICK LORNE FARRELL,

      Plaintiff,

v.                                     Case No:  2:12-cv-26-FtM-29DNF

TIM GEITHNER, DOUGLAS SHULMAN,
CHRISTINE LA GARDE, UNITED
STATES OF AMERICA, DENNIS
MCCARTHY and DEANN BENDER,

      Defendants.

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

      The Plaintiff, Patrick Lorne Farrell filed a Motion to Add Defendant and Cause of Action (Doc. 59) on June 11, 2013.  The Defendant, the United States of America[1] filed an Opposition to Plaintiff's Motion to Amend Third Amended Complaint (Doc. 60) on June 24, 2013.  Plaintiff has been permitted to file four complaints in this action.  (See, Docs. 2, 29, 39, and 49). In the Third Amended Complaint (Doc. 49), the Plaintiff alleges that he is bringing claims for whistleblower retaliation, trespass upon security agreement, copyright infringement, fraud, constitutional violations, and refusing to reward the Plaintiff for his qui tam complaints exposing mortgage securities frauds. The Plaintiff sued Tim Geithner, Dept. of the Treasury, Douglas Shulman, Internal Revenue Service, Deann Bender, and Dennis McCarthy.  The Plaintiff is requesting leave to add the Federal Bureau of Investigation or Kevin Ray Eason, Acting Special Agent in Charge of the Tampa FBI office, and a claim for intentional infliction of emotional

_____

[1] The United States of America filed a Motion to be Substituted as Party Defendant (Doc. 52) on March 14, 2013 requesting that it be substituted for all of the individually listed defendants.  The Motion to Be Substituted remains pending.

distress.  The Plaintiff claims that he has a right to prosecute his cases against defendants "who are JEWS and others engaged in employing corrupt actions at the direction of the JEW defendants." (Doc. 59, p. 2).  The Plaintiff would like to add a claim that if the FBI has followed his lead, it would "have been in front of" the IRS scandal targeting the Tea Party.  The Plaintiff asserts that the Court should direct the FBI to prosecute the illegal actions of the other Defendants.

The United States opposes the Plaintiff's request for leave to add a defendant and amend the Third Amended Complaint arguing his amendment is futile.  The United States argues that the Plaintiff's allegations are "a hodgepodge of baseless and even frivolous claims (*e.g.* that the Internal Revenue Service has violated Farrell's copyright by addressing official correspondence to him, because he has affixed a copyright symbol to his name)." (Doc. 60, p. 1).  The United States also indicates that the Plaintiff's filings contain "vicious anti-Semitism." (Doc. 60, p. 1).

Federal Rule of Civil Procedure 15(a) that a party may amend its pleading within 21 days after service or 21 days after a motion is filed pursuant to FED.R.CIV.P. 12(b), (e), or (f). "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2).  The decision whether to permit an amendment is within the sound discretion of the court, however, the Supreme Court has held that the words "leave shall be freely given" must be heeded.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Consequently, the Court must find a justifiable reason in denying a request for leave to amend. Id.  "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith

or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority,* 875 F.Supp. 812 (M.D. Fla., 1995), citing Foman, 317 U.S. at 182.

The United States argues that adding this defendant and claim is futile. A denial of leave to amend is justified when the allegations in the amended complaint are subject to dismissal and the amendment would be futile. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied. *Herring v. Beasley*, 2005 WL 1475304, *2 (S.D. Ala. 2005), citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Therefore, the proposed amendment to the Third Amended Complaint must be analyzed under the traditional 12(b)(b)(6) analysis to determine whether it is futile.

When the Court decides a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court must construe the allegations in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Iqbal,* 129 S.Ct. 1937, 1949 (2009), *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (citations omitted). The threshold to survive a motion to dismiss is exceedingly low, however, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

In the instant case, the Plaintiff entitled his new claim as "Intentional Infliction of Emotional Distress" and then alleges he has the right to prosecute his causes of action against "defendants who are JEWS, and others engaged in employing corrupt actions at the direction of the JEW defendants." (Doc. 59, p. 2).  His relief is that he would like the FBI "to prosecute the illegal acts of the other defendants herein for the PROOF OF CLAIM form violations, causing a reward to Plaintiff, and any other financial damages this court deems right and just." (Doc. 59, p. 2).  Pursuant to Fed. R. Civ. P. 8, a pleading must contain,

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support:
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a)(1), (2), and (3).  The Plaintiff failed to comply with FED. R. CIV. P. 8.  He fails to state a cause of action against the FBI or Special Agent in Charge, Kevin Ray Eaton (Acting) upon which relief may be granted.  The Plaintiff fails to allege subject matter jurisdiction, and fails to identify any acts the FBI or Special Agent in Charge, Kevin Ray Eaton (Acting) have undertaken which caused damages to the Plaintiff.  Therefore, the Court finds that the Plaintiff's request to add a defendant and add a claim to be futile.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Motion to Add Defendant and Cause of action (Doc. 59) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 2, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties